HARNETT TRANSFER, INC. (FORMERLY SQUARE DEAL TRANSFER, INC.) v.
WELDON AMMIE PETERSON

No. 7711DC700

(Filed 20 June 1978)

**Contracts §§ 20.2, 21.1— instructions—justification for prevention of performance
—repudiation as breach**

In an action for breach of a contract to haul cargo for plaintiff in defend-
ant's truck, the trial court erred in failing to instruct the jury on (1) justifica-
tion for prevention of performance of a contract and (2) repudiation as breach
of contract where there was evidence tending to show that defendant had been
instructed to haul cargo to Florida but instead returned to Raleigh and parked
his tractor-trailer on plaintiff's lot and disappeared; defendant never contacted
or notified anyone connected with plaintiff concerning his intentions with
respect to the contract or the tractor-trailer; defendant was personally in-
debted to plaintiff's president for the purchase price of the tractor-trailer; the
day after defendant left the tractor-trailer on plaintiff's premises, plaintiff took
it to a dealer to be serviced; and plaintiff later sold the tractor-trailer after
having title transferred back into plaintiff's name.

APPEAL by plaintiff from *Pridgen, Judge.* Judgment entered
13 January 1977 in District Court, HARNETT County. Heard in the
Court of Appeals 25 May 1978.

Plaintiff filed a complaint alleging breach of contract by
defendant and seeking $2,326.97 in damages. In his answer de-
fendant denied breaching the contract and alleged that plaintiff
had prevented him from complying with the contract by
breaching the contract itself.

At trial plaintiff's evidence tended to show that on 6
December 1971 plaintiff and defendant entered into a contract
whereby defendant, as an independent contractor, was to haul
cargo for plaintiff in defendant's truck in exchange for 70% of the
freight proceeds collected by plaintiff for the trip; that plaintiff
was to advance expenses to defendant which would then be
deducted from defendant's 70% share of proceeds; that by the
end of February 1972 defendant had been advanced $2,326.97
more than his share of the freight proceeds; that on 23 February
1972 defendant was instructed by plaintiff to drive a load of cot-
ton seed hulls from South Carolina to Florida, but instead defend-
ant returned to Raleigh, parked his truck and trailer on plaintiff's
lot and disappeared; that plaintiff never heard from defendant

again and assumed he had abandoned the truck and the contract; that plaintiff had sold the truck to defendant on 6 December 1971 pursuant to a conditional sales contract; and that the day after defendant abandoned the truck, plaintiff took it to a dealer to be serviced and subsequently sold it in April 1972 after having title to it transferred back to plaintiff's name.

Defendant's evidence tended to show that under the terms of the contract with plaintiff he was to work for plaintiff until the promissory note and conditional sales contract executed by him for purchase of the truck were paid and satisfied in full; that on 23 February 1972 he returned to Raleigh from South Carolina instead of going to Florida in order to take care of some personal financial problems; that he had called the party in Florida who was expecting the shipment and informed him of the delay; that he was not required by plaintiff to follow certain routes or maintain certain timetables in his work; that defendant parked his truck and trailer on plaintiff's lot at approximately 11:00 p.m. on 23 February 1972 and spent the next day taking care of his personal business; that when he returned to the lot to get the truck at 7:00 p.m. on 24 February 1972, he found the truck missing; that he had left the truck locked because some of his personal belongings were in it; that he attempted to contact plaintiff and to locate the truck on numerous occasions thereafter and was unable to do so; and that he was unable to fulfill his contract with plaintiff as a result of plaintiff's taking the truck from him.

The jury found that plaintiff, rather than defendant, had breached the contract and awarded no damages to plaintiff. Plaintiff appeals.

*Johnson and Johnson, by W. Glenn Johnson, for the plaintiff.*

*Stewart and Hayes, by Gerald W. Hayes, Jr., for the defendant.*

MARTIN, Judge.

Plaintiff contends that the trial court erred in failing to instruct the jury relative to two substantive features of the case. Specifically, he argues that justification for prevention of performance of a contract and repudiation as breach of contract were material aspects of the case arising on the evidence which should have been brought to the jury's attention. We must agree.

It is familiar learning that the trial court has a duty to charge the law applicable to the substantive features of the case arising on the evidence without special request and to apply the law to the various factual situations presented by the conflicting evidence. *Griffin v. Watkins*, 269 N.C. 650, 153 S.E. 2d 356 (1967). In the instant case, the evidence disclosed that plaintiff took possession of defendant's tractor trailer, while it was parked in plaintiff's lot in Raleigh, thereby preventing defendant's performance of the subject contract. The court instructed the jury to the effect that such conduct by plaintiff, without justification, would amount to plaintiff's breaching the contract. The evidence also disclosed that defendant's actions in bringing the tractor trailer back to Raleigh were contrary to his instructions to proceed to Florida; that once in Raleigh, defendant never contacted or notified anyone connected with plaintiff concerning his intentions with respect to the contract or the tractor trailer; and that defendant was personally indebted to George Hodges, president of plaintiff corporation, for the purchase price of the tractor trailer. We are of the opinion that this evidence was sufficient to raise a real question as to whether plaintiff's conduct was *justified*. The court's instruction on "prevention of performance" was insufficient on the question of justification, and its failure further to charge on justification was prejudicial error.

Moreover, we also agree with plaintiff's contention that evidence of defendant's bringing the tractor trailer back to Raleigh, apparently abandoning it there, and failing to notify plaintiff of his intentions regarding further performance of the contract was sufficient to require submission to the jury of an instruction explaining repudiation as a breach of contract.

Accordingly, the trial court's failure to charge on substantial features of the case constitutes error for which plaintiff is entitled to a new trial.

Although plaintiff's remaining assignments of error may have merit, we refrain from any discussion thereof as they may not arise again on a new trial.

New trial.

Judges MORRIS and VAUGHN concur.