MICHAEL R. PEDWELL AND WIFE, VICKI A. PEDWELL v. FIRST UNION NATIONAL BANK OF NORTH CAROLINA AND CAMERON-BROWN COMPANY

No. 8021SC707

(Filed 17 March 1981)

**Conspiracy § 2; Unfair Competition § 1— civil conspiracy – unfair trade practice – sufficiency of complaint**

Plaintiffs' complaint stated a claim for relief against defendant bank and defendant mortgage lender for civil conspiracy and treble damages under the unfair trade practices statute, G.S. 75-1.1(a), where it alleged that plaintiffs contracted with defendant bank to purchase a condominium; pursuant to the terms of the contract, plaintiffs applied for a loan to defendant lender to finance the purchase of the condominium; defendant bank thereafter determined it did not want to perform the contract and made an agreement with defendant lender by which defendant lender would not make a loan to plaintiffs to finance the purchase and would not notify plaintiffs of the loan refusal until it was too late for plaintiffs to secure alternate financing; and defendant lender, in furtherance of this agreement, refused to make the loan, not because of a legitimate business reason, but in order to prevent plaintiffs from performing their part of the contract.

APPEAL by plaintiffs from *Davis, Judge*. Judgment entered 9 April 1980 in Superior Court, FORSYTH County. Heard in the Court of Appeals 10 February 1981.

The plaintiffs appeal from an order dismissing their complaint pursuant to G.S. 1A-1, Rule 12(b)(6). The plaintiffs alleged they had made a contract with the First Union National Bank to purchase from the bank a condominium in Ashe County; that pursuant to the terms of the contract, they made application for a loan to Cameron-Brown Company to finance the purchase of the condominium; that the closing date for the purchase was 15 November 1979; and that on 9 November 1979 the plaintiffs were informed by the defendant Cameron-Brown Company that the loan would not be made. The plaintiffs further alleged that the defendants had conspired to keep the plaintiffs from purchasing the condominium by having Cameron-Brown refuse the plaintiffs a loan at a time when it was too late for them to obtain alternate financing, and that the defendants have breached their contract with the plaintiffs. The plaintiffs prayed that they have and recover treble damages pursuant to G.S. 75-1 *et seq.* From the order dismissing the complaint, the plaintiffs have appealed.

*Alexander, Hinshaw and Schiro, by Gregory W. Schiro, for plaintiff appellants.*

*Hutchins, Tyndall, Bell, Davis and Pitt, by Walter W. Pitt, Jr. and Richard D. Ramsey, for defendant appellees.*

WEBB, Judge.

The defendants' motion to dismiss pursuant to Rule 12(b)(6) should not have been allowed unless it appears from the complaint that the plaintiffs can prove no state of facts that will entitle them to relief. *F.D.I.C. v. Loft Apartments*, 39 N.C. App. 473, 250 S.E. 2d 693 (1979).

The plaintiffs have made allegations which, if proved, could establish that the bank made a contract to sell a condominium to the plaintiffs; that after making the contract, the bank determined it did not want to perform the contract; that the bank then made an agreement with Cameron-Brown by which Cameron-Brown would not make a loan to the plaintiffs to finance the purchase and would not notify the plaintiffs of the loan refusal until it was too late for the plaintiffs to secure alternate financing; and that Cameron-Brown, in furtherance of this agreement, refused to make the loan, not because of a legitimate business reason, but in order to prevent the plain-

tiffs from performing their part of the contract. A party to an executory contract is under a duty not to do anything to prevent the other party to the contract from performing. When he does something that prevents the other party from performing, he is liable in damages. *See Transfer, Inc. v. Peterson,* 37 N.C. App. 56, 245 S.E. 2d 207 (1978). If the bank entered into an agreement with Cameron-Brown to prevent the plaintiffs from performing this part of the contract and Cameron-Brown did in fact prevent the plaintiffs from so performing, the defendants would be liable for their acts pursuant to this conspiracy. *See Shope v. Boyer,* 268 N.C. 401, 150 S.E. 2d 771 (1966) for a discussion of civil conspiracy. It was error to dismiss this action.

If the jury should find that the defendants conspired to prevent the plaintiffs from performing their part of the contract, this would be an "unfair ... act ... affecting commerce" under G.S. 75-1.1(a). *See Edmisten, Attorney General v. Penney Co.,* 292 N.C. 311, 233 S.E. 2d 895 (1977) and *Love v. Pressley,* 34 N.C. App. 503, 239 S.E. 2d 574 (1977).

Reversed and remanded.

Judges HEDRICK and MARTIN (Harry C.) concur.