MICHAEL ZIMMER v. NORTH CAROLINA DEPARTMENT OF TRANSPORTA-
TION

No. 8710IC127

(Filed 15 September 1987)

**State § 4.3— suitability of detour—exercise of discretion—waiver of immunity**

   By enactment of the Tort Claims Act, the State has specifically waived
   immunity from tort claims falling within the Act without regard to whether
   the function out of which a claim arises is a governmental function or a pro-
   prietary function, and the waiver of immunity is not dependent upon whether
   the alleged negligent act involves the exercise of discretion; therefore, DOT's
   motion to dismiss for lack of personal jurisdiction was properly denied where
   claimant alleged that he suffered serious injury because of the negligence of
   DOT's employees in providing an unsuitable detour while a highway was
   closed.

   APPEAL by defendant from an Opinion and Award of the
North Carolina Industrial Commission entered 19 November 1986.
Heard in the Court of Appeals 26 August 1987.

   Claimant brought this claim for damages under the provi-
sions of the Tort Claims Act, North Carolina General Statutes
Chapter 143, Article 31, alleging that he suffered damages due to
personal injuries proximately caused by the negligence of certain
employees of the North Carolina Department of Transportation
(DOT). In his affidavit filed pursuant to G.S. 143-297, claimant
alleged that on the night of 5 March 1985, he was driving a
tractor-trailer in an easterly direction along U.S. Interstate
Highway 40 (I-40) through Tennessee and towards North Carolina.
Earlier that day, a tunnel on the eastbound lanes of I-40, just east
of the North Carolina-Tennessee border, had collapsed, and a
detour route for eastbound traffic had consequently been desig-
nated by DOT. This detour began on U.S. Highway 25-70 in New-
port, Tennessee, and continued along that highway easterly into
North Carolina until its intersection in Buncombe County with
U.S. Highway 19-23. Claimant further alleged that, between Hot
Springs, North Carolina and Marshall, North Carolina, the detour
was "an extremely treacherous, curvy, narrow, steep mountain
roadway," and that it "did not have signs to adequately warn
truck drivers of the treacherous nature of said roadway, was not
sufficiently wide to handle trucks the size of that driven by Zim-
mer so that said trucks could remain in their own lane of travel,

had no guardrails, had no shoulders beside the paved roadway, had no reflectors, and was too narrow to handle tractor-trailer truck travel . . . ." Shortly after 11:00 p.m., and approximately one-half mile east of Hot Springs, claimant was ascending a steep grade of road and was rounding a sharp curve, when the rear tires of the trailer dropped off of the pavement, causing a shift in weight distribution in the trailer. The truck overturned and crashed down a steep 450-foot embankment, causing serious injury to claimant. Claimant alleged that the hazardous nature of U.S. 25-70 was known to various named and unnamed employees of DOT and that said employees were negligent in designating U.S. 25-70 as a detour route, in failing to correct the hazardous conditions, and in failing to provide warnings of the hazards which existed on that route. He alleged that such negligence on the part of DOT's employees proximately caused his injuries.

DOT moved for dismissal of the claim pursuant to G.S. 1A-1, Rules 12(b)(2) and (6). This motion was denied by Commissioner William H. Stephenson. DOT appealed the denial of its 12(b)(2) motion to the Full Commission, which affirmed the ruling of Commissioner Stephenson. DOT appeals.

*Jones P. Byrd for claimant-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robert E. Cansler, for North Carolina Department of Transportation.*

MARTIN, Judge.

Relying upon the doctrine of sovereign immunity, DOT contends that the Industrial Commission has no jurisdiction over the person of the State in this case and that its motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(2) should have been granted. On the other hand, claimant contends that no real issue of personal jurisdiction exists and that the order denying DOT's motion is interlocutory and not presently appealable. While we sustain DOT's right to pursue this appeal, we nevertheless affirm the denial of its motion to dismiss the claim for lack of personal jurisdiction.

Whether sovereign immunity is a question of subject matter jurisdiction or personal jurisdiction is an unsettled area of the law in North Carolina. The distinction is important because the denial

of a motion to dismiss for lack of subject matter jurisdiction pursuant to G.S. 1A-1, Rule 12(b)(1) is non-appealable, G.S. 1-277(a), but the denial of a motion challenging the jurisdiction of the court over the person of the defendant pursuant to G.S. 1A-1, Rule 12(b)(2) is immediately appealable. G.S. 1-277(b). *See Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E. 2d 182 (1982).

This Court has held on two occasions that the doctrine of sovereign immunity presents a question of personal jurisdiction. *See Stahl-Rider, Inc. v. State*, 48 N.C. App. 380, 269 S.E. 2d 217 (1980); *Sides v. Hospital*, 22 N.C. App. 117, 205 S.E. 2d 784 (1974), *modified and affirmed*, 287 N.C. 14, 213 S.E. 2d 297 (1975). In *Teachy, supra*, however, the North Carolina Supreme Court acknowledged our decisions in *Stahl-Rider* and *Sides* but expressly declined to decide "whether sovereign immunity is a question of subject matter jurisdiction or whether the denial of a motion to dismiss on grounds of sovereign immunity is immediately appealable." *Teachy, supra*, at 328, 293 S.E. 2d at 184. Therefore, we follow the precedent of *Stahl-Rider* and *Sides* and hold that the present appeal is properly before us.

It is a fundamental rule of law that the State is immune from suit unless it expressly consents to be sued. *Great American Insurance Co. v. Gold, Commissioner of Insurance*, 254 N.C. 168, 118 S.E. 2d 792 (1961). By enactment of the Tort Claims Act, G.S. 143-291 *et seq.*, the General Assembly partially waived the sovereign immunity of the State to the extent that it consented that the State could be sued for injuries proximately caused by the negligence of a State employee acting within the scope of his employment. *Teachy, supra*. Jurisdiction to hear such claims was vested in the Industrial Commission. *Id.* G.S. 143-291 provides in pertinent part:

> The North Carolina Industrial Commission is hereby constituted a court for the purpose of hearing and passing upon tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. The Industrial Commission shall determine whether or not each individual claim arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under cir-

cumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina.

No formal pleadings are required to invoke the jurisdiction of the Industrial Commission under the State Tort Claims Act. *Branch Banking & Trust Co. v. Wilson County Board of Education*, 251 N.C. 603, 111 S.E. 2d 844 (1960). The only requirement is that the claimant file with the Commission an affidavit in duplicate, containing the following information:

(1) The name of the claimant;

(2) The name of the department, institution or agency of the State against which the claim is asserted, and the name of the State employee upon whose alleged negligence the claim is based;

(3) The amount of damages sought to be recovered;

(4) The time and place where the injury occurred;

(5) A brief statement of the facts and circumstances surrounding the injury and giving rise to the claim.

G.S. 143-297; *Branch Banking & Trust Co., supra.* Claimant has complied with these requirements.

DOT argues that while G.S. 136-25 mandates that DOT provide suitable detours while a highway or road is closed, the manner in which its employees select, design, and maintain such detours are "discretionary governmental functions" and that the State has not waived its sovereign immunity from suit for negligence in the exercise of such functions. Therefore, DOT contends, the Industrial Commission has no personal jurisdiction over it in this case. We do not agree.

By enactment of the Tort Claims Act, the State has specifically waived immunity from tort claims falling within the Act without regard to whether the function out of which a claim arises is a governmental function or a proprietary function. *Guthrie v. State Ports Authority*, 307 N.C. 522, 299 S.E. 2d 618 (1983). The waiver of immunity is not dependent upon whether the alleged negligent act involves the exercise of discretion. North Carolina's Tort Claims Act does not create an exception for negli-

gent performance of duties involving discretion. *Cf.* Federal Tort Claims Act, 28 U.S.C. § 2680(a) (1982) (explicitly excluding liability based upon the performance of, or failure to perform, a discretionary function or duty). While the Act must be strictly construed, *Floyd v. Highway Commission*, 241 N.C. 461, 85 S.E. 2d 703 (1955), and its scope may not be enlarged by judicial construction beyond its plain and unambiguous terms, *Alliance Co. v. State Hospital*, 241 N.C. 329, 85 S.E. 2d 386 (1955), the Act will be construed so as to effectuate its purpose of waiving sovereign immunity so that a person injured by the negligence of a State employee may sue the State as he would any other person. *Lyon & Sons v. State Bd. of Education*, 238 N.C. 24, 76 S.E. 2d 553 (1953). North Carolina courts have recognized the jurisdiction of the Industrial Commission to determine whether discretionary acts performed by employees or agents of the State were negligent and whether they proximately caused injury to a claimant. *See Vaughn v. Dept. of Human Resources*, 296 N.C. 683, 252 S.E. 2d 792 (1979) (Industrial Commission had jurisdiction to determine whether County Director of Social Services and his staff were negligent in placement of child in foster home); *Wrape v. Highway Commission*, 263 N.C. 499, 139 S.E. 2d 570 (1965) (whether the Director of Highways and Chief Engineer were negligent in planning and designing relocation of highway); *Phillips v. Dept. of Transportation*, 80 N.C. App. 135, 341 S.E. 2d 339 (1986) (whether DOT employees were negligent in failing to maintain highway shoulder or correct dangerous condition).

DOT cites *Hochheiser v. N.C. Dept. of Transportation*, 82 N.C. App. 712, 348 S.E. 2d 140 (1986), *disc. rev. allowed*, 319 N.C. 104, 353 S.E. 2d 110 (1987), in support of its argument that the Industrial Commission is without jurisdiction to review the discretionary actions of its employees in this case. In our view, DOT's reliance on *Hochheiser* is misplaced. The question of personal jurisdiction over the Department of Transportation under the Tort Claims Act was not before the *Hochheiser* court. The sole question before the Court in that case was whether DOT could be held liable, under the facts found by the Industrial Commission, for the decision of its employees not to erect a guardrail. Stating that discretionary decisions of DOT are not reviewable by the courts or the Industrial Commission unless they are "so clearly unreasonable as to amount to oppressive and manifest abuse," *Id.*

at 718, 348 S.E. 2d at 143, the Court held that neither the evidence nor the Commission's findings of fact supported a conclusion that DOT was negligent in failing to erect a guardrail or that any act or omission on its part proximately caused the accident. Rather than standing for the proposition that the Industrial Commission has no personal jurisdiction over DOT to determine claims alleged to have arisen as a result of a discretionary decision, *Hochheiser* merely holds that a claimant must show an "oppressive and manifest abuse" of discretion in order to prove that an act or omission involving the exercise of discretion was negligent.

We have considered DOT's other arguments and find them without merit. Claimant has alleged that he sustained injuries due to the negligence of certain employees of DOT acting within the course and scope of their employment under circumstances where the State, if a private person, would be liable to him under the law. Whether he can sustain the allegations by proof remains to be seen. The State, by enactment of the Tort Claims Act, has waived its immunity, and the immunity of its agencies, from suit for claims such as this one and has conferred upon the Industrial Commission jurisdiction to determine them. We hold that DOT's motion to dismiss for lack of personal jurisdiction was properly denied.

Affirmed.

Judges BECTON and COZORT concur.