HAAS v. CALDWELL SYSTEMS, INC.

[98 N.C. App. 679 (1990)]

---

E. TRUITT HAAS, MARY C. HAAS, LAURA A. NORRIS, DEBORAH K. COFFEY, ANTHONY E. HAAS, KIMBERLY L. SINGLETON, E. TRUITT HAAS AS GUARDIAN AD LITEM FOR CHRISTOPHER R. NORRIS AND RUSSELL W. COFFEY, MINOR CHILDREN, LEON HOLLAR, COLLENE HOLLAR, AND MAX J. ROBERTS, PLAINTIFFS v. CALDWELL SYSTEMS, INC.; CHARLES B. FOUSHEE, JR.; CALDWELL COUNTY; CALDWELL INDUSTRIAL SERVICES, INC., DEFENDANTS, AND CALDWELL COUNTY, THIRD-PARTY PLAINTIFF v. THE NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES AND THE NORTH CAROLINA DEPARTMENT OF NATURAL RESOURCES AND COMMUNITY DEVELOPMENT, THIRD-PARTY DEFENDANTS

No. 8925SC1086

(Filed 5 June 1990)

1. **State § 4.4 (NCI3d) — damages from operation of waste incinerator — state third party defendant — sovereign immunity no bar to jurisdiction**

The trial court had subject matter and personal jurisdiction over the North Carolina Department of Human Resources and the North Carolina Department of Natural Resources and Community Development as third party defendants in an action claiming damages from the operation of a waste incinerator. N.C.G.S. § 143-291 (Tort Claims Act) provides a specific waiver of tort immunity where an individual is injured due to the negligence of a state employee and, although direct tort suits against the State are not within the jurisdiction of the superior court, the State may be joined as a third party defendant in the State courts.

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 255, 649, 658.

**2. State § 4.4 (NCI3d) — damages from waste incinerator — Rule 12(b)(6) dismissal — improper**

Caldwell County sufficiently stated a claim for relief against the State as a third party plaintiff in an action for damages from the operation of a waste incinerator and the State's motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) should not have been granted.

**Am Jur 2d, States, Territories, and Dependencies §§ 99, 100.**

APPEAL by third-party plaintiff from *Allen (C. Walter), Judge.* Order entered 5 May 1989 in Superior Court, CALDWELL County. Heard in the Court of Appeals 30 April 1990.

This is a civil action wherein original plaintiffs seek damages for injuries to their persons and property caused by the operation of a waste incinerator by original defendant Caldwell Systems, Inc. (hereinafter "CSI"). Plaintiffs' complaint alleges that operation of this incinerator on land leased from defendant Caldwell County (hereinafter "the County") resulted in the "emission of harmful or noxious amounts of . . . fumes, particulates, gases and vapors," as well as the movement of chemicals which caused contamination of plaintiffs' property and water supply. In response to plaintiffs' complaint, the County filed a third-party complaint seeking either indemnification or contribution jointly and severally from the North Carolina Department of Human Resources and the Department of Natural Resources and Community Development (hereinafter "DHR" and "NRCD"). The County also sought to recover costs of the action including $93,000.00 which it agreed to pay for condemnation of a portion of the property owned by two of the plaintiffs.

On 28 October 1988, third-party defendants moved to dismiss the complaint against them on three separate grounds:

1. The Court lacked jurisdiction of the subject matter,

2. The Court had no personal jurisdiction over the third-party defendants, and

3. The complaint failed to state a claim upon which relief could be granted.

On 5 May 1989, the trial court entered an order granting third-party defendants' motion to dismiss on all three grounds. Third-party plaintiff appealed.

*Brooks, Pierce, McLendon, Humphrey & Leonard, by George W. House, William G. Ross, Jr., and Stanley P. Barringer, Jr., for third-party plaintiff, appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Nancy E. Scott, for third-party defendant North Carolina Department of Human Resources.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Alan S. Hirsch, for third-party defendant North Carolina Department of Natural Resources and Community Development.*

HEDRICK, Chief Judge.

[1] In its first two assignments of error, the County contends the trial court erred by concluding 1) that it lacked subject matter jurisdiction over the third-party claims and 2) that it lacked personal jurisdiction over the third-party defendants. The apparent justification for the judge's ruling on both issues was the defense of sovereign immunity.

The doctrine of sovereign immunity bars tort actions against the State of North Carolina and agencies thereof unless the State consents to be sued or otherwise waives its immunity. *Guthrie v. State Ports Authority*, 307 N.C. 522, 299 S.E.2d 618 (1983).

Although the law in North Carolina is unsettled as to whether a defense of sovereign immunity states a lack of subject matter jurisdiction or personal jurisdiction, G.S. 143-291, also referred to as the North Carolina Tort Claims Act, provides a specific waiver of tort immunity where an individual is injured due to the negligence of a state employee. *Zimmer v. N.C. Dept. of Transportation*, 87 N.C. App. 132, 360 S.E.2d 115 (1987). Furthermore, although direct tort suits against the State are not within the jurisdiction of the Superior Court, the Supreme Court, citing Rule 14(c) of the North Carolina Rules of Civil Procedure, has determined that "the State may be joined as a third-party defendant, whether in an action for contribution or in an action for indemnification, in the State courts." *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 332, 293 S.E.2d 182, 187 (1982).

In the present case, the County's complaint alleges that the injuries suffered by the original plaintiffs resulted from negligence on the part of DHR and NRCD officers, employees or agents while acting within the course of their employment. Such a claim clearly falls within the scope of the Tort Claims Act and is not barred by a defense of sovereign immunity. We therefore conclude that the trial court had jurisdiction to hear the County's third-party claims as well as personal jurisdiction over third-party defendants.

[2] In their remaining assignment of error, third-party plaintiffs complain the trial court should not have dismissed the complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted. They argue that the complaint alleges each element required to state a claim against DHR and NRCD for contribution or indemnification under the North Carolina Tort Claims Act. We agree.

For purposes of ruling on a motion to dismiss for failure to state a claim, the allegations in the complaint are treated as true. *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E.2d 282 (1976). A complaint may not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to recovery. *Pedwell v. First Union Natl. Bank*, 51 N.C. App. 236, 275 S.E.2d 565 (1981). Such a situation occurs where there is an absence of law to support the claim, an absence of facts sufficient to make a good claim, or disclosure of some fact which necessarily defeats the claim. *Collins v. Edwards*, 54 N.C. App. 180, 282 S.E.2d 559 (1981). Legal support for this third-party claim against the State can be found, as previously discussed, in G.S. 143-291 (the North Carolina Tort Claims Act) and in Rule 14(c) of the North Carolina Rules of Civil Procedure (allowing the State to be joined as a third-party defendant in State Courts). Facts alleged which support the County's claim include the following:

1. Third-party defendants are departments of the State.

2. DHR and NRCD had an obligation to protect the original plaintiffs by permitting, supervising, inspecting and monitoring operation of the incinerator.

3. The County relied on the permitting, supervision, inspection and monitoring done by DHR and NRCD because of statutory provisions which assigned these duties to those departments

**HAAS v. CALDWELL SYSTEMS, INC.**

[98 N.C. App. 679 (1990)]

and by virtue of DHR's and NRCD's "active assumption" of such duties.

4. Employees of these departments breached this obligation to protect by failing to properly investigate or abate the hazardous conditions existing on and near the incinerator site, by not informing the County of these conditions so that it might attempt to take action, and by negligently informing the County that there was no such hazardous condition on the property.

5. This breach of duty by DHR and NRCD is what prevented the County from taking action to abate the emissions causing damage to the original plaintiffs' property.

6. If the County is found liable to the original plaintiffs for negligence, such negligence was either passive (with DHR and NRCD being actively negligent) or joint (with DHR and NRCD being equally negligent).

7. If the County is found passively negligent, it is entitled to indemnification to the extent permitted by law.

8. If the County is found jointly negligent, it is entitled to contribution from DHR and NRCD as joint tortfeasors to the extent permitted by law.

We believe these facts, as alleged by third-party plaintiff, sufficiently support a claim for relief. Furthermore, the record discloses no fact which necessarily defeats this claim.

For the reasons stated herein, the order of the Superior Court is reversed and remanded for proceedings consistent with this opinion.

Reversed and Remanded.

Judges JOHNSON and EAGLES concur.