JOHN C. BROOKS, COMMISSIONER OF LABOR OF NORTH CAROLINA, COMPLAINANT v. N.C. DEPARTMENT OF TRANSPORTATION, IREDELL COUNTY ROAD MAINTENANCE, P.O. BOX 1107, STATESVILLE, N.C. 28677, RESPONDENT

No. 9310SC962

(Filed 7 June 1994)

**State § 22 (NCI4th)— violations of OSHA—citations against State and agencies—sovereign immunity no defense**

Based on the terms of the Occupational Safety and Health Act prior to its amendment in 1992, the General Assembly determined that the State and its agencies can be issued citations for violations of the Occupational Safety and Health Act which are enforceable by proceedings before the Safety and Health Review Board.

**Am Jur 2d, State, Territories, and Dependencies §§ 104-107.**

Appeal by respondent from order signed 13 July 1993 in Wake County Superior Court by Judge Gregory A. Weeks. Heard in the Court of Appeals 11 May 1994.

On 9 July 1990, respondent began repairing a portion of Perch Church Road in Mooresville, North Carolina. The project consisted of laying a drainage pipe beneath the road. Respondent's employees dug a trench approximately 15 feet deep, 8 to 9 feet wide, and 30 feet long. The sides of the trench were vertical and were neither sloped nor shored. A trench box was not utilized, and no materials to shore or brace the trench walls were present at the site. On 13 July 1990, the trench collapsed, killing one of respondent's employees and injuring three others. The Occupational Safety and Health Division of the North Carolina Department of Labor cited respondent for 11 "willful-serious" violations of the Occupational Safety and Health Act.

On 27 September 1990, respondent notified complainant of its intent to contest the violations. Pursuant to the procedures adopted by the Safety and Health Review Board, complainant filed a complaint with the Safety and Health Review Board seeking to have it affirm all of the violations contained in the citation issued to respondent. Respondent's answer contained motions to dismiss the complaint based on lack of subject matter and personal jurisdiction. Respondent also moved to dismiss the complaint for failure to state a claim upon which relief could be granted. On 26 June 1991, a hearing examiner for the Safety and Health Review Board entered an order denying respondent's motions. Respondent petitioned the Safety and Health Review Board to review the order of the hearing examiner, and, on 13 July 1992, the Safety and Health Review Board entered an order unanimously affirming the order of the hearing examiner. Respondent petitioned the Superior Court of Wake County to review the order of the Safety and Health Review Board, and, on 13 July 1993, the trial court entered an order dismissing as interlocutory respondent's petition for review. Respondent appeals.

*Attorney General Michael F. Easley, by Associate Attorney General Linda Kimbell, for complainant-appellee.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Grayson G. Kelley and Assistant Attorney General David R. Minges, for respondent-appellant.*

WELLS, Judge.

In its first assignment of error, respondent argues that the trial court erred in dismissing the petition for judicial review because the order appealed from was not interlocutory. Respondent based his motion to dismiss on the defenses of sovereign and statutory immunity and contends, because the doctrine of sovereign immunity presents a question of personal jurisdiction, that the denial of a motion to dismiss on the grounds of sovereign immunity is immediately appealable. We agree and permit respondent to pursue its appeal. *Zimmer v. N.C. Dept. of Transportation,* 87 N.C. App. 132, 360 S.E.2d 115 (1987).

In its final assignment of error, respondent argues that the trial court erred in failing to dismiss the complaint because respondent is immune from suit. Respondent asserts the defense of sovereign immunity and contends that complainant is barred from having the citations affirmed by the Safety and Health Review Board. We disagree.

**BROOKS v. N.C. DEPT. OF TRANSPORTATION**

[115 N.C. App. 163 (1994)]

According to the doctrine of sovereign immunity, the State is immune from suit unless and until it consents to be sued. *Bailey v. State of North Carolina,* 330 N.C. 227, 412 S.E.2d 295 (1991), *cert. denied,* 118 L.Ed.2d 547 (1992). Respondent does not dispute that it and its employees are subject to the Occupational Safety and Health Act. Rather, respondent contends that complainant is prohibited from issuing citations to state agencies and enforcing those citations through proceedings before the Safety and Health Review Board. Respondent asserts that complainant can enforce the Occupational Safety and Health Act in the public sector only by issuing notices and consulting and negotiating with public entities.

Under the Occupational Safety and Health Act of North Carolina, the definition of employer includes any state, N.C. Gen. Stat. § 95-127(10), and the Occupational Safety and Health Act applies to all employers. N.C. Gen. Stat. § 95-128. According to G.S. § 95-137(a), an employer is subject to citation for violations of any standard, regulation, rule, or order promulgated under the Occupational Safety and Health Act. The employer is permitted to contest the citation by giving notice within 15 working days from the receipt of the citation to the Division of Occupational Safety and Health. N.C. Gen. Stat. § 95-137(b). Respondent is correct when it points out that prior to the 1992 amendments G.S. § 95-137 did permit the director of Occupational Safety and Health to prescribe procedures for the issuance of a notice in lieu of a citation for violations by state agencies. However, we believe the issuance of a notice was an additional method of enforcement not a substitute for the issuance of citations. Based on the terms of the Occupational Safety and Health Act prior to its amendment in 1992, we hold that the General Assembly determined that the State and its agencies can be issued citations for violations of the Occupational Safety and Health Act which are enforceable by proceedings before the Safety and Health Review Board. It is therefore apparent that the next appropriate step in these proceedings is a hearing on the disputed citations before the Safety and Health Review Board.

For the reasons stated, we have determined that respondent's petition for review to the Superior Court should have been dimissed.

As modified herein, the order appealed from is

Affirmed.

Judges JOHNSON and JOHN concur.