587 S.E.2d 426 (2003)
BATTLE RIDGE COMPANIES, Plaintiff,
v.
NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, Defendant.
No. COA02-973.
Court of Appeals of North Carolina.
November 4, 2003.
*427 Smith, Currie & Hancock, L.L.P., by Harry R. Bivens, Charlotte, for plaintiff-appellant.
Attorney General Roy Cooper, by Assistant Attorney General Joseph E. Herrin, for defendant-appellee.
HUDSON, Judge.
On 24 September 1994, plaintiff Battle Ridge Companies ("Battle Ridge") and defendant North Carolina Department of Transportation entered into a written contract whereby Battle Ridge was to perform construction work consisting of widening and relocating a portion of U.S. Highway 421 from east of the Blue Ridge Parkway to east of state road 1361 near Deep Gap, Watauga County, North Carolina ("the Project").
Battle Ridge completed work on the project on 20 August 1997. Battle Ridge was assessed liquidated damages, totaling $233,850.00, as a result of the untimely project completion. Upon completion of the project, Battle Ridge sought remission of the assessed liquidated damages as well as additional compensation of $2,457,591.61 by filing a verified claim with the State Highway Administrator. The State Highway Administrator denied Battle Ridge's claim in its entirety.
On 7 August 1999, Battle Ridge filed a complaint in the superior court in Wake County bringing forth five claims for relief. Under each claim for relief, Battle Ridge alleged a breach of contract under the terms of the contract and, alternatively, breach of an implied warranty of the contract. On 30 November 2001, the Department moved to dismiss the complaint pursuant to North Carolina Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6), and 12(h)(3), arguing that sovereign immunity bars plaintiff's action. The matter was heard before Judge Orlando Hudson, Jr. on 7 December 2001, and on 17 December 2001, Judge Hudson dismissed Battle Ridge's complaint on those grounds. Plaintiff appeals.

Analysis
Our courts have held that the defense of sovereign immunity is a Rule 12(b)(1) defense. Teachy v. Coble Dairies, Inc., 306 N.C. 324, 328, 293 S.E.2d 182, 184 (1982). Our courts have also held that the defense of sovereign immunity is a matter of personal jurisdiction that would fall under Rule 12(b)(2). See Zimmer v. North Carolina Dept. of Transp., 87 N.C.App. 132, 133-34, 360 S.E.2d 115, 116 (1987). Here, the Department moved to dismiss plaintiff's complaint based upon sovereign immunity under Rules 12(b)(1), 12(b)(2) and 12(b)(6).
It is an established principle of jurisprudence, resting on grounds of sound public policy, that a state may not be sued in its own courts or elsewhere unless it has consented by statute to be sued or has otherwise waived its immunity from suit. Smith v. Hefner, 235 N.C. 1, 6, 68 S.E.2d 783, 787 (1952). By application of this principle, a subordinate division of the state or an agency exercising statutory governmental functions may be sued only when and as authorized by statute. Id. Waiver of sovereign immunity may not be lightly inferred and statutes waiving this immunity, being in derogation of the sovereign right to immunity, must be strictly construed. Guthrie v. State Ports Authority, 307 N.C. 522, 537-38, 299 S.E.2d 618, 627 (1983).
In Smith v. State, 289 N.C. 303, 222 S.E.2d 412 (1976), our Supreme Court held that whenever the State of North Carolina, through its authorized officers and agencies, enters into a valid contract, the state implicitly consents to be sued for damages on the contract in the event it breaches the contract. Id. at 310, 222 S.E.2d at 418.
Moreover, the General Assembly enacted N.C. Gen.Stat. § 136-29 to provide a statutory ground that allows a contractor to bring suit against the Department of Transportation. See In re Huyck Corp. v. Mangum, Inc., 309 N.C. 788, 790-91, 309 S.E.2d 183, 185-86 (1983). That statute, which by its mandate is a part of every contract for State highway construction between the Department of Transportation and a contractor, provides as follows:

*428 (a) A contractor who has completed a contract with the Department of Transportation to construct a State highway and who has not received the amount he claims is due under the contract may submit a verified written claim to the State Highway Administrator for the amount the contractor claims is due. The claim shall be submitted within 60 days after the contractor receives his final statement from the Department and shall state the factual basis for the claim.
The State Highway Administrator shall investigate a submitted claim within 90 days of receiving the claim or within any longer time period agreed to by the State Highway Administrator and the contractor. The contractor may appear before the State Highway Administrator, either in person or through counsel, to present facts and arguments in support of his claim. The State Highway Administrator may allow, deny, or compromise the claim, in whole or in part. The State Highway Administrator shall give the contractor a written statement of the State Highway Administrator's decision on the contractor's claim.
(b) A contractor who is dissatisfied with the State Highway Administrator's decision on the contractor's claim may commence a contested case on the claim under Chapter 150B of the General Statutes. The contested case shall be commenced within 60 days of receiving the State Highway Administrator's written statement of the decision.
(c) As to any portion of a claim that is denied by the State Highway Administrator, the contractor may, in lieu of the procedures set forth in subsection (b) of this section, within six months of receipt of the State Highway Administrator's final decision, institute a civil action for the sum he claims to be entitled to under the contract by filing a verified complaint and the issuance of a summons in the Superior Court of Wake County or in the superior court of any county where the work under the contract was performed. The procedure shall be the same as in all civil actions except that all issues shall be tried by the judge, without a jury.
(d) The provisions of this section shall be part of every contract for State highway construction between the Department of Transportation and a contractor. A provision in a contract that conflicts with this section is invalid.
G.S. § 136-29 (2001). We believe this statute clearly waives the Department's sovereign immunity. Thus, if Battle Ridge has fully complied with the terms of G.S. § 136-29, and the claims arise "under the contract," then the court's dismissal was improper.
In Teer Co. v. Highway Commission, 265 N.C. 1, 143 S.E.2d 247 (1965), a contractor who performed work under contract with the State Highway Commission (now the Department of Transportation), filed suit under G.S. § 136-29 seeking additional compensation from the Commission after the completion of the subject work of the contract. In deciding whether the contractor was entitled to seek such additional compensation, our Supreme Court, referring to G.S. § 136-29, noted that "recovery, if any, must be within the terms and framework of the provisions of the contract... and not otherwise." Id. at 16, 143 S.E.2d at 258. In a later appeal, this Court dismissed the contractor's quantum meruit claims because they did not arise under the terms and framework of the contract. Teer Co. v. Highway Comm., 4 N.C.App. 126, 166 S.E.2d 705 (1969).
In Davidson and Jones, Inc. v. N.C. Dept. of Administration, 315 N.C. 144, 337 S.E.2d 463 (1985), our Supreme Court, interpreting a provision of Chapter 143 of our General Statutes with nearly identical language to G.S. § 136-29, noted that:
We interpret the statute as requiring simply that the contractor's claim arise out of a breach of the contract or some provision thereof so as to entitle the contractor to some relief.
Id. at 149, 337 S.E.2d at 466. Thus, our Supreme Court held that the contractor, who like the plaintiff here was seeking additional compensation for duration-related costs incurred as the direct result of an unexpected overrun exceeding 400 percent in the amount of rock to be excavated under a construction contract with the state department of administration, *429 had a remedy for breach of contract even in the absence of a specific contractual term allowing such relief. Id. While we recognize that Chapter 143 specifically excludes applicability to the Department of Transportation in the construction of roads, we can see no reason why the interpretation of the phrase "under the contract" should or would be any different under the two statutes.
Turning to Battle Ridge's claims for breach of warranty, this Court has previously held that where a contractor has complied with plans and specifications prepared by the owner, the contractor will not be liable for consequences in defects in those plans and specifications. See Gilbert Engineering Co. v. City of Asheville, 74 N.C.App. 350, 362-63, 328 S.E.2d 849, 857, disc. review denied, 314 N.C. 329, 333 S.E.2d 485 (1985). Indeed, we have held that the plans and specifications constitute "positive representations upon which [a contractor is] justified in relying." Lowder, Inc. v. Highway Comm., 26 N.C.App. 622, 638, 217 S.E.2d 682, 692, cert. denied, 288 N.C. 393, 218 S.E.2d 467 (1975). In Lowder, therefore, we recognized that "a contracting agency which furnishes inaccurate information as a basis for bids may be liable on a breach of warranty theory," and that "[i]t is simply unfair to bar recovery to contractors who are misled by inaccurate plans and submit bids lower than they might otherwise have submitted." Id. at 638-39, 217 S.E.2d at 693. Thus, a claim for relief based upon a breach of an implied warranty of plans and specifications arises under the contract and, if sufficiently pled, will withstand a 12(b)(6) motion to dismiss on grounds of immunity.
In ruling on a motion to dismiss brought under Rule 12(b)(6), "[t]he question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." Harris v. NCNB, 85 N.C.App. 669, 670, 355 S.E.2d 838, 840 (1987). Additionally, "a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." Id. at 671, 355 S.E.2d at 840 (citations omitted).
Applying that standard here, we find that plaintiff's complaint expressly brings forth five claims for relief. Count I of each claim alleges that Battle Ridge is entitled to an adjustment in compensation either under an "extra work" theory or under a Department-caused work delay theory. Alternatively, Count II of each claim alleges breach of an implied warranty of plans and specifications for which Battle Ridge is entitled to compensation. Based upon Teer, Lowder, and Davidson, we hold these claims to be cognizable causes of action under North Carolina law, which were sufficiently plead to withstand a 12(b)(6) motion to dismiss. Thus, we reverse the superior court and remand for further proceedings.
Reversed and remanded.
Judges WYNN and CALABRIA concur.