Lord Baltimore Capital Corp. v. N.C. Dep't of Revenue, 2017 NCBC 79.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

LORD BALTIMORE CAPITAL
CORPORATION,

        Petitioner,

    v.

NORTH CAROLINA
DEPARTMENT OF REVENUE,

        Respondent.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 3096

**OPINION AND ORDER ON
RESPONDENT'S MOTION TO
DISMISS PETITION FOR JUDICIAL
REVIEW**

THIS MATTER comes before the Court upon Respondent North Carolina Department of Revenue's ("Respondent") Motion to Dismiss Petition for Judicial Review ("Motion"). Respondent seeks dismissal pursuant to North Carolina Rules of Civil Procedure 12(b)(1), (b)(2), and (b)(6) (hereinafter "Rules").

THE COURT, having considered the Motion, the parties' briefs in support of and in opposition to the Motion, and other appropriate matters of record, CONCLUDES that the Motion should be GRANTED for the reasons set forth below.

> *Gordon & Rees, LLP, by Robert W. Shaw, for Petitioner Lord Baltimore Capital Corporation.*

> *North Carolina Attorney General Josh Stein, by Assistant Attorney General Perry J. Pelaez, for Respondent North Carolina Department of Revenue.*

McGuire, Judge.

## FACTS AND PROCEDURAL HISTORY[1]

1.    Lord Baltimore Capital Corporation ("Petitioner") is a real estate development holding company structured as a Delaware S corporation doing business in North Carolina. Petitioner filed a North Carolina S Corporation Tax Return for the period from January 1, 2010, through December 31, 2010 (the "2010 tax year").

2.    Respondent is the State agency responsible for administering North Carolina's tax laws and collecting taxes due to the State.

3.    This matter arises out of Petitioner's administrative challenge to Respondent's October 10, 2014 Notice of Tax Assessment against Petitioner for payment of outstanding corporate franchise taxes for the 2010 tax year in addition to penalty and interest charges (hereinafter, "Tax Assessment" shall mean the taxes, penalties, and interest owed by Petitioner for the 2010 tax year).

4.    On November 14, 2014, Petitioner filed with Respondent its Objection and Request for Departmental Review regarding the Tax Assessment.

5.    On February 26, 2016, Respondent upheld the Tax Assessment in a Notice of Final Determination ("Final Determination"). The Final Determination set out that Petitioner owed Respondent a total of $173,380.00 in taxes, penalties, and interest.

---

[1]Some of the procedural facts herein are drawn from Respondent's Notice of Designation of Case as Mandatory Complex Business Case ("Notice", ECF No. 3), and not from the Petition for Judicial Review. Petitioner does not dispute any of the procedural facts alleged in the Notice. In addition, "[w]hen reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a trial court may consider and weigh matters outside the pleadings." *Dare County v. N.C. Dep't of Ins.,* 207 N.C. App. 600, 610, 701 S.E.2d 368, 375 (2010). The Court concludes that it can rely on facts stated in the Notice in deciding the Motion.

6. On April 18, 2016, Petitioner filed a Petition for Contested Case Hearing with the Office of Administrative Hearings ("OAH") to challenge the Final Determination (the "OAH Petition").

7. On February 14, 2017, the OAH issued its Final Decision on the OAH Petition, captioned *Lord Baltimore Capital Corp. v. North Carolina Department of Revenue*, 16 REV 03860 ("OAH Final Decision"). The OAH Final Decision upheld the Tax Assessment.

8. On March 13, 2017, Petitioner filed with the Court a Petition for Judicial Review of the OAH Final Decision pursuant to North Carolina General Statutes §§ 150B-45 and 150B-46 (hereafter, all references to the North Carolina General Statutes will be to "G.S."). (ECF No. 1.)

9. On April 6, 2017, Respondent filed the Motion to Dismiss Petition for Judicial Review. (ECF No. 8.) Respondent contends that the Court lacks subject matter jurisdiction over this case because Petitioner did not pay the Tax Assessment prior to filing its Petition for Judicial Review as required by G.S. § 105-241.16. (ECF No. 8.)

10. On April 21, 2017, Petitioner paid the Tax Assessment. (Pet'r's. Resp. Opp. Mot. Dismiss, ECF No. 15, at 2, Ex. 1.) Respondent accepted the payment, but expressly reserved its challenge to Petitioner's failure to pay the assessment prior to filing the Petition for Judicial Review. (ECF No. 15, at 2, Ex. 2.)

11. On May 31, 2017, Petitioner filed its Response to Respondent's Motion to Dismiss and on June 2, 2017, Respondent filed its Reply (ECF No. 16). The Motion is ripe for determination.

ANALYSIS

12. Respondent moves to dismiss the Petition for Judicial Review on the grounds that: (a) the Respondent is protected from suit by sovereign immunity; (b) the Court lacks subject matter jurisdiction over this matter because Petitioner did not comply with the statutory requirements for filing a petition for review; and, (c) since the Court lacks jurisdiction over the claim, Petitioner fails to state a claim for which relief can be granted.

13. "It is an established principle of jurisprudence, resting on grounds of sound public policy, that a state may not be sued in its own courts or elsewhere unless it has consented by statute to be sued or has otherwise waived its immunity from suit." *Can Am South, LLC v. State*, 234 N.C. App. 119, 125, 759 S.E.2d 304, 309 (2014); *Prudential Ins. Co. v. Powell*, 217 N.C. 495, 499, 8 S.E.2d 619, 621 (1940) ("It is axiomatic that the sovereign cannot be sued in its own courts or in any other without consent and permission."). As an agency of the State of North Carolina, Respondent is entitled to assert sovereign immunity protection. *Battle Ridge Cos. v. N.C. DOT*, 161 N.C. App. 156, 157, 587 S.E.2d 426, 427 (2003) ("[A] subordinate division of the state or an agency exercising statutory governmental functions may be sued only when and as authorized by statute.").

14. The State can waive its sovereign immunity and consent to suit by statute. *Great American Ins. Co. v. Gold*, 254 N.C. 168, 173, 118 S.E.2d 792, 795 (1961) ("The State is immune from suit unless and until it has expressly consented to be sued. It is for the General Assembly to determine when and under what circumstances the State may be sued."). "Waiver of sovereign immunity may not be lightly inferred and State statutes waiving this immunity, being in derogation of the sovereign right to immunity, must be strictly construed." *Guthrie v. North Carolina State Ports Authority*, 307 N.C. 522, 537—538, 299 S.E.2d 618, 627 (1983). "When statutory provision has been made for an action against the State, the procedure prescribed by statute must be followed, and the remedies thus afforded are exclusive. The right to sue the State is a conditional right, and the terms prescribed by the Legislature are conditions precedent to the institution of the action." *Great American Ins. Co.*, 254 N.C. at 173, 118 S.E.2d at 795.

15. The Supreme Court of North Carolina has declined to decide whether the defense of sovereign immunity is grounded specifically in subject matter jurisdiction or personal jurisdiction. *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 327—328, 293 S.E.2d 182, 184 (1982). There are cases holding that a defense of sovereign immunity justifies dismissal based on lack of subject matter jurisdiction. *Great American Ins. Co.*, 254 N.C. at 171—172, 118 S.E.2d at 794 (1961) (affirming trial court's conclusion that "[t]his is an action against the State of North Carolina to restrain or avoid the collection of a tax, and this court is without jurisdiction over the *subject matter* of the action, the State of North Carolina not having permitted itself to be sued in this

manner. . . ." (emphasis added)); *Dare County v. N.C. Dep't of Ins.*, 207 N.C. App. 600, 611, 701 S.E.2d 368, 376 (2010)("[T]he extent to which the trial court had *subject matter jurisdiction* over Petitioners' request for judicial review of the consent order depends upon whether the General Assembly has enacted any statutory provisions authorizing Petitioners to seek and obtain judicial review of the consent order." (emphasis added)).

16. There also are appellate decisions holding that a defense of sovereign immunity requires dismissal for lack of personal jurisdiction. *Can Am South*, 234 N.C. App. at 123—124, 759 S.E.2d, at 308 ("[T]his Court has consistently held that: (1) the defense of sovereign immunity presents a question of personal, not subject matter, jurisdiction."); *Green v. Kearney*, 203 N.C. App. 260, 265, 690 S.E.2d 755, 760 (2010) ("[T]he general rule is that sovereign immunity presents a question of personal jurisdiction, not subject matter jurisdiction. . . .").

17. Finally, there are cases holding that a party's failure to comply with the statutory requirements for filing suit against the State requires dismissal of the claim based on the State's sovereign immunity, but that do not expressly ground the dismissal in subject matter or personal jurisdiction. *Middlesex Constr. Corp. v. State*, 307 N.C. 569, 575, 299 S.E.2d 640, 644 (1983) ("Plaintiff's claims must be pursued under the provisions of [the statute] and thus the Superior Court of Wake County lacked jurisdiction to adjudicate these claims"; citing *Guthrie*, 307 N.C. at 537—538, 299 S.E.2d at 627, *supra*); *Buchan v. Shaw*, 238 N.C. 522, 78 S.E.2d 317 (1953) (dismissing tax action on grounds of State's sovereign immunity for plaintiff's failure

to follow procedures under predecessor statute to G.S. § 150-241.16). These cases do not expressly state whether sovereign immunity implicates subject matter or personal jurisdiction.

18. Respondent contends that G.S. § 105-241.16 is the exclusive means by which Petitioner may seek review of the OAH Final Decision. G.S. § 105-241.16 provides as follows:

> A taxpayer aggrieved by the final decision in a contested case commenced at the Office of Administrative Hearings may seek judicial review of the decision in accordance with Article 4 of Chapter 150B of the General Statutes. Notwithstanding G.S. 150B-45, a petition for judicial review must be filed in the Superior Court of Wake County and in accordance with the procedures for a mandatory business case set forth in G.S. 7A-45.4(b) through (f). *Before filing a petition for judicial review, a taxpayer must pay the amount of tax, penalties, and interest the final decision states is due.* A taxpayer may appeal a decision of the Business Court to the appellate division in accordance with G.S. 150B-52.

(emphasis added). In addition, G.S. § 105-241.19 expressly provides, in pertinent part, that "[t]he remedies in G.S. 105-241.11 through G.S. 105-241.18 set out the exclusive remedies for disputing the denial of a requested refund, a taxpayer's liability for a tax, or the constitutionality of a tax statute. Any other action is barred."

19. Respondent contends that Petitioner's failure to pay the Tax Assessment before it filed the Petition for Judicial Review requires dismissal because Petitioner has not satisfied the conditions precedent to bringing this action, and the Court lacks subject matter and personal jurisdiction. *See, e.g., Great Amer. Ins. Co.*, 254 N.C. at 171—172, 118 S.E.2d at 794 (1961) (dismissing tax action against Commissioner of

Insurance on the basis of subject matter jurisdiction for failure to follow statutorily-prescribed procedure); *In re State ex rel. Employment Sec. Com.*, 234 N.C. 651, 653, 68 S.E.2d 311, 312 (1951) ("There can be no appeal from the decision of an administrative agency except pursuant to specific statutory provision therefor. . . .[T]he appeal must conform to the statute granting the right and regulating the procedure. . . .[The statutory requirements] are conditions precedent to obtaining a review by the courts and must be observed. Noncompliance therewith requires dismissal.") (citations omitted); *Dare County*, 207 N.C. App. at 610, 701 S.E.2d at 375 ("[Statutory requirements] are conditions precedent to obtaining a review by the courts and must be observed. Non-compliance therewith requires dismissal.").

20.    Petitioner argues that it has now "cur[ed]" the failure to pay the Tax Assessment prior to filing its petition in this Court and the issue is now moot. (ECF No. 15 at 2—3.) Petitioner cites no North Carolina authority supporting a right to "cure" a failure to comply with a statutory prerequisite to filing suit.[2] The Court concludes that Petitioner has no such right to cure in this case.

---

[2] The Court notes that payment of the disputed federal taxes is one of the jurisdictional prerequisites to a taxpayer filing suit seeking a refund in federal court. 28 U.S.C. § 1346(a)(1); *Flora v. United States*, 357 U.S. 63, 72—75 (1958). In *Mires v. United States*, the Tenth Circuit Court of Appeals held that taxpayer cured its failure to pay the disputed tax by paying the taxes after filing suit and amending the complaint to allege compliance with the statute "*with the government's consent and district court's permission.*" 466 F.3d 1208, 1212 (10th Cir. 2006) (emphasis added). In this case, Respondent expressly notified Petitioner that it did not consent to Petitioner's attempt to cure. In addition, Petitioner has not sought nor received the Court's permission to amend the Petition for Judicial Review.

21.    Petitioner further contends that the provisions of the North Carolina Administrative Procedure Act regarding the process for seeking judicial review of State agency decisions should be "liberally construed," and that since Petitioner has paid the taxes due, dismissal is "inequitable and unnecessary." (ECF No. 15, at 3.)

22.    Petitioner's arguments miss the mark. G.S. § 105-241.16 is a waiver of the State's sovereign immunity and "must be strictly construed." *Guthrie*, 307 N.C. at 537—538, 299 S.E.2d at 627.  The Court of Appeals has held that:

> [N]o appeal lies from an order or decision of an administrative agency of the State . . . unless the right is granted by statute. . . . [T]he appeal must conform to the statute granting the right and regulating the procedure. The statutory requirements are mandatory and not directory. They are conditions precedent to obtaining a review by the courts and must be observed. Noncompliance therewith requires dismissal.

*Dare County*, 207 N.C. App. at 610, 701 S.E.2d at 375; *see also In re T.R.P.*, 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006) ("Our General Assembly within constitutional limitations, can fix and circumscribe the jurisdiction of the courts of this State. Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction.") (internal quotations omitted; citations omitted).

23.    The significance of the jurisdictional requirement at issue in this case is further underscored by the fact that the General Assembly revised G.S. § 105-241.16 in 2010 to make clear that a petitioner must pay the taxes prior to seeking judicial review. Before this revision, G.S. § 105-241.16 provided that "[a] taxpayer who files a

petition for judicial review must pay the amount of tax, penalties, and interest the final decision states is due." 2010 N.C. ALS 95 s. 9. In 2010, however, the General Assembly revised G.S. § 105-241.16 to specifically provide that "[*b*]*efore filing a petition for judicial review*, a taxpayer must pay the amount of tax, penalties, and interest the final decision states is due." *Id.* (emphasis added). Based on the legislative history and plain language of G.S. § 105-241.16, the Court concludes that the statute's pre-petition payment requirement is a jurisdictional mandate for a taxpayer seeking judicial review of an OAH final decision.

24. Petitioner, in violation of the procedure set out in G.S. § 105-241.16, failed to pay its corporate franchise tax assessment for the 2010 tax year prior to filing its Petition for Judicial Review, and the Court lacks subject matter jurisdiction over the claim and personal jurisdiction over Respondent. Respondent's Motion should be GRANTED, and the Petition for Judicial Review should be DISMISSED WITHOUT PREJUDICE.[3]

THEREFORE, IT IS ORDERED that Respondent's Motion is GRANTED and the Petition for Judicial Review is DISMISSED without prejudice.

This the 8th day of September, 2017.

/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge for
Complex Business Cases

---

[3] To the extent Petitioner would be beyond the 30 day deadline for filing another petition for judicial review, G.S. § 150B-45(c) provides the superior court with the discretion to accept a late-filed petition upon a showing of good cause. *See High Rock Lake Partners, LLC v. N.C. DOT*, 217 N.C. App. 442, 446—447, 720 S.E.2d 706, 709 (2011).