JOSEPH CHESTER JORDAN, ADMINISTRATOR OF THE ESTATE OF JODIE PAGE JORDAN, PLAINTIFF v. WESLEY IRVEN JONES, JR.; TRAILWAYS SOUTHEASTERN LINES, INC.; AND CAROLINA COACH COMPANY, INC., DEFENDANTS/THIRD-PARTY PLAINTIFFS v. DEPARTMENT OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA, THIRD-PARTY DEFENDANT

No. 391PA84

(Filed 3 July 1985)

**Highways and Cartways § 7; Negligence § 29.1— negligence of DOT in placement of stop sign—summary judgment for DOT improper**

Summary judgment was improperly entered for third party defendant Department of Transportation in an action arising from the failure of a bus driver to see a stop sign where the driver of the bus testified that the stop

sign was considerably further to the right of the intersection than normal and that he was traveling the road for the first time and did not see the stop sign; the regional safety director for Trailways testified that the stop sign was not clearly visible and was further from the road than normal; there had been nine accidents at the intersection in 1981; the Federal Highway Administration manual called for full signalization of an intersection when five or more accidents involving personal injury or property damage of $100 or more occurred within a twelve month period; a Trooper had filed a highway condition report stating that a caution light was urgently needed; the Department's Division Traffic Engineer had decided to install a flashing light; an expert in civil engineering and accident reconstruction concluded that a flashing light was required at the intersection; and a signal light was finally installed a short time after the accident from which this case arose. Defendant's forecast of evidence raised genuine issues of material fact concerning causation and DOT's negligence.

ON discretionary review of an unpublished decision of the Court of Appeals affirming the grant of summary judgment for third-party defendant by *Ferrell, J.*, at the 8 September 1983 Civil Session of Superior Court, BURKE County.

This suit arises from a traffic accident which occurred on 3 December 1981 near Morganton in Burke County. On that day the automobile in which plaintiff's decedent, Jodie Page Jordan, an infant, was a passenger was struck by a bus at the intersection of Drexel and Bethel Roads. The bus, which was owned by Carolina Coach Company and leased by Trailways Southeastern Lines, Inc., was driven by defendant Wesley Irven Jones, Jr.

The collision occurred when defendant Jones, an experienced bus driver, failed to see a "stop" sign as well as a "stop ahead" sign and continued north along Bethel Road into the intersection without stopping. There was evidence that the "stop" sign was further from the road than is usual for such signs. A short time after the accident the Department of Transportation (DOT) replaced the "stop" sign with a flashing light suspended in the center of the intersection.

After plaintiff-Administrator instituted this action for the wrongful death of his infant intestate, defendants filed a third-party complaint alleging that the negligence of the DOT was a proximate cause of the accident in question and, as a result, the DOT was liable to defendants if defendants were found to be liable to plaintiff. The trial court granted the DOT's motion for summary judgment on the issue of negligence. The Court of Ap-

peals affirmed the trial court's ruling and we granted defendants' petition for discretionary review.

*Lacy H. Thornburg, Attorney General, by Ralf F. Haskell, Special Deputy Attorney General, and Sandra M. King, Assistant Attorney General, for the Department of Transportation.*

*Myers, Ray, Myers, Hulse and Brown, by John F. Ray, for defendant-appellants.*

MEYER, Justice.

The sole question before the Court in this case is whether there exists any genuine issue of material fact concerning the DOT's alleged negligence to be submitted to a jury. We hold that defendants' forecast of the evidence raised genuine issues of material fact and that it was improper for the trial court to grant the DOT's motion for summary judgment.

To make out a case of actionable negligence the plaintiff must introduce evidence tending to show that (1) defendant failed to exercise proper care in the performance of a duty owed to plaintiff; (2) the negligent breach of that duty was a proximate cause of plaintiff's injury; and (3) a person of ordinary prudence should have foreseen that plaintiff's injury was probable under the circumstances as they existed. *See Pittman v. Frost*, 261 N.C. 349, 134 S.E. 2d 687 (1964); 9 Strong's North Carolina Index 3rd § 29 (1977). Summary judgment is proper when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. *Baumann v. Smith*, 298 N.C. 778, 260 S.E. 2d 626 (1979). Although summary judgment is a useful tool in expediting the trial of cases and disposing of unfounded claims it is a drastic measure and should be used with caution, especially in a negligence case. *Williams v. Carolina Power and Light Co.*, 296 N.C. 400, 250 S.E. 2d 225 (1979).

Our examination of the record reveals that there are genuine and material issues of fact as to whether the DOT was negligent and whether its negligence was a proximate cause of the accident.

Defendant Jones, driver of the bus, testified that the "stop" sign was considerably further to the right of the intersection than is normal. John Davis, regional safety director for defendant Trailways, testified by deposition that the "stop" sign facing traf-

fic traveling north on Bethel Road, the direction defendant's bus was traveling, was not clearly visible and was located further from the road than is normal. Defendant Jones was traveling the road for the first time on the day of the accident and testified that he did not see the "stop" sign. All of this testimony was uncontradicted.

The *Manual of Uniform Traffic Control Devices*, U.S. Department of Transportation, Federal Highway Administration (1978), cited by the Court of Appeals in its decision, requires full signalization of an intersection when five or more accidents involving personal injury or property damage of one hundred dollars or more have occurred within a 12-month period. According to the deposition testimony of Sergeant L. S. Goodson there were a total of nine accidents at the intersection in 1981. On 3 October 1981 Trooper W. R. Thompson filed a highway condition report stating that a caution light was urgently needed. W. B. Cochran, Division Traffic Engineer for the Department, testified by deposition that he decided to install a flashing light about 7 October 1981. Based on the Goodson and Cochran depositions, James L. Parrish III, an expert in civil engineering and accident reconstruction, concluded that a flashing light was required at the intersection after the fifth accident on 27 April 1981. The signal light was finally installed on 8 December 1981.

This evidence is uncontradicted and clearly would be sufficient to allow a jury to conclude that the DOT was negligent and that its negligence was a proximate cause of the accident. Although defendant Jones' failure to see the "stop ahead" and "stop" signs was the last act of negligence which contributed to the accident, we cannot accept the DOT's contention that it was clearly the sole proximate cause of the accident. The very basis of the defendants' claim against the DOT is that defendant Jones failed to see the signs at the intersection because of the DOT's negligent failure to install proper signals. "It is well settled that there may be more than one proximate cause of an injury." *Adams v. Mills*, 312 N.C. 181, 194, 322 S.E. 2d 164, 172 (1984). A court may declare whether an act was the proximate cause of an injury only when the facts are not in dispute and only one inference may be drawn from them. *Id.* at 193, 322 S.E. 2d at 172. The evidence in the case at bar as forecast by defendants will

clearly support more than one inference of what proximately caused the accident.

Since defendants' forecast of the evidence raised genuine issues of material fact concerning both the DOT's negligence and causation, we hold that the trial court erred in granting the DOT's motion for summary judgment. The decision of the Court of Appeals is reversed and the case is remanded to that court for further remand to the Superior Court, Burke County with instructions that the entry of summary judgment in favor of the DOT be vacated and for further proceedings not inconsistent with this opinion.

Reversed and remanded.