JUDY K. PHILLIPS & MELVIN OWENSBY v. NORTH CAROLINA DEPART-
MENT OF TRANSPORTATION

No. 8510IC865

(Filed 1 April 1986)

**State § 8— tort claim against State agency—findings only as to "negligent act"**

  The Industrial Commission erred in denying plaintiff's claim against a State agency on the ground that the evidence failed to show any "negligent act" by any named employee since the State's liability extends to negligent omissions as well as negligent acts of its employees. N.C.G.S. § 143-291.

  Chief Judge HEDRICK concurring in result.

APPEAL by plaintiffs from the decision and order of the North Carolina Industrial Commission entered 28 March 1985. Heard in the Court of Appeals 11 December 1985.

These claims, brought under the North Carolina Tort Claims Act, G.S. 143-291, *et seq.*, are for personal injuries sustained by the plaintiffs when a car Melvin Owensby was driving, in which Judy K. Phillips was a passenger, skidded on snow covered U.S. Highway 74 within the city limits of Lake Lure and dropped into a cavernous hole. The accident and plaintiffs' plight were discovered by a passing motorist who noticed some tire tracks leading from the highway onto the shoulder that abruptly and inexplicably disappeared. Upon stopping to investigate, he saw the car several feet below in the hole, which was partially obscured by underbrush. In filing the claim plaintiffs alleged that their injuries resulted from the negligence of the North Carolina Board of Transportation. Upon defendant moving to dismiss because a negligent employee had not been named, as required by G.S. 143-297, the plaintiffs amended their claim by stating that the negligent employees were Billy Rose in charge of the Division of Highways for North Carolina and J. B. Edwards in charge of highway maintenance in Rutherford County.

In the hearing before the Deputy Commissioner it was stipulated that the hole was within the highway right-of-way and Road Maintenance Supervisor Albert Jones, who had been employed by the defendant agency in Rutherford County for thirty-four years, testified that Highway 74 was under his direct supervision for

several years prior to January 1981 and that he had been aware of the hole for over thirty years. An operator of a wrecker service testified that he had removed numerous cars from the hole during the preceding fifteen years. In denying the claim the Deputy Commissioner found that Owensby, the driver of the car, was contributorily negligent and that his negligence was imputable to Phillips, the car owner. Upon appeal the Full Commission vacated the contributory negligence finding, found that Road Maintenance Supervisor Jones had known of the hole for thirty years and that between ten and twenty other cars had fallen into the hole during that time, but denied the claim because the evidence failed to show any "negligent act" by any defendant employee named.

*Hamrick and Hamrick, by J. Nat Hamrick, for plaintiff appellants.*

*Attorney General Thornburg, by Assistant Attorney General George W. Lennon and Associate Attorney General Randy Meares, for defendant appellee.*

PHILLIPS, Judge.

If G.S. 143-291 had not been amended by Session Laws 1977, c. 529, effective 1 July 1979, the Full Commission's decision denying recovery to plaintiffs would have to be summarily affirmed. For the negligence of the State in this case, if any, was that of inaction or omission rather than action or commission and before G.S. 143-291 was amended only claimants that had been injured by "a negligent *act*" of a state officer, employee, or other agent could recover under the Tort Claims Act. As earlier written the statute did not permit recovery from the State for the negligent omissions or failures to act of its employees. *Ayscue v. N. C. State Highway Commission*, 270 N.C. 100, 154 S.E. 2d 59 (1967); *Flynn v. N. C. State Highway and Public Works Commission*, 244 N.C. 617, 94 S.E. 2d 571 (1956). But that is no longer the law and the Commission erred in assuming that it is. By virtue of the amendment referred to, the words "a negligent *act*" were replaced by the words "the negligence" and G.S. 143-291, in pertinent part, now reads, and did when plaintiffs were injured, as follows:

The Industrial Commission shall determine whether or not each individual claim arose as a result of the *negligence* of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, *if a private person*, would be liable to the claimant in accordance with the laws of North Carolina. (Emphasis supplied.)

That the State's tort liability was greatly enlarged by the enactment and is no longer limited to responsibility for the negligent acts of its employees is obvious. *See, Watson v. N. C. Department of Corrections*, 47 N.C. App. 718, 721, 268 S.E. 2d 546, 549, *disc. rev. denied*, 301 N.C. 239, 283 S.E. 2d 135 (1980); 56 N.C. L. Rev. 1136, at p. 1148 (1978); Daily Bulletin No. 62, Institute of Government, p. 505 (April 7, 1977). It is just as obvious that the effect and purpose of the amendment was to extend the State's liability to include the negligent omissions and failures to act of its employees. A negligent act is but one form of negligence; whereas negligence if unrestricted, as it is in G.S. 143-291, is a term broad enough to embrace all negligent conduct, passive and active alike. Since it has been determined that plaintiffs were not contributorily negligent they are entitled to recover of the defendant if their injuries proximately resulted from a negligent omission or negligent failure to act by either of defendant's employees named in the amendment to plaintiffs' affidavit; they are not required to show that their injuries resulted from a negligent act of either employee.

Thus, the Full Commission's decision and order is defective and further findings and conclusions in accord with this opinion are necessary. The finding of fact that no "negligent act" had been committed by the employees named only partially addressed the issue raised and the Commission's conclusion of law based thereon that there was no negligence by such employees and the resulting decision for defendant cannot stand and are vacated. The Commission should have also found whether either of the employees named—Billy Rose, who was in charge of the Division of Highways for North Carolina, and J. B. Edwards, who was in charge of highways in Rutherford County—was negligent by reason of his failure to maintain said highway shoulder in a reasonably safe condition, or by his failure to correct the dangerous

condition that caused plaintiffs to be injured. The record shows without dispute or contradiction that a condition dangerous to users of the highway had existed for many years without being corrected by those responsible for maintaining the highway. The Deputy Commissioner's finding that no notice had been given to the department of the many accidents that had occurred at the place is not decisive. Notice is not required to a party that already has knowledge and the defendant clearly had knowledge of the dangerous condition through its local Road Maintenance Supervisor, Albert Jones. Furthermore, the defendant's duty to maintain the right-of-way necessarily carried with it the duty to make periodic inspections and if the hazard had existed on defendant's right-of-way in close proximity to the highway for more than thirty years, as the evidence and findings indicate, the defendant had implied notice of the condition as a matter of law. 65 C.J.S. *Negligence* Sec. 5(3) (1966).

Vacated and remanded.

Judge JOHNSON concurs.

Chief Judge HEDRICK concurs in the result.

Chief Judge HEDRICK concurring in result.

I concur in the decision of the majority vacating the decision of the Industrial Commission. The Commission erroneously denied plaintiffs' claim on the grounds that the evidence failed to disclose any "negligent act" by any defendant employee named. I disagree with the majority's efforts to do more than vacate the decision of the Commission and remand for a new hearing. I vote to remand to the Industrial Commission for a new hearing, new findings and conclusions and for a decision in accordance with the law relative to G.S. 143-291, as amended. It is for the Commission, not the appellate Court, to make findings of fact from the evidence given in the case.