The Full Commission has reviewed the prior Order of Dismissal based on the record of the proceedings before Deputy Commissioner Mary Moore Hoag and the parties' briefs. Plaintiff waived oral argument before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Order of Dismissal and enters the following Decision and Order.
* * * * * * * * *
Based upon the evidence of record, the Full Commission makes the following:
FINDINGS OF FACT
1. Before the Deputy Commissioner, defendant moved to dismiss plaintiff's claim pursuant to N.C. Rule Civ. P. 12(b)(6). The test under a Rule 12(b)(6) Motion is whether the complaint is legally sufficient. Tennessee v. Environmental ManagementComm'n, 78 N.C. App. 763, 338 S.E.2d 781 (1986). In ruling upon such a Motion, the finder of fact must view the allegations of the complaint as admitted and on that basis must determine as a matter of law whether or not the allegations state a claim upon which relief may be granted. Id.
2. The affidavit upon which the claim in this matter is based alleges that Susan Norman was injured by reason of the negligence of the N.C. Department of Transportation and its employees, Harold M. Steelman, Jr. and W.O. Atkins. It further alleges that the injury giving rise to the claim occurred at the Town of Elkin, in Surry County, NC, at the intersection of East Standard Street and railroad milepost K 80.5.
3. Defendant is alleged to have been negligent in the following respects. That they failed to provide the warning signs, markings and traffic signals that were necessary; also to the extent that it erected such, that it did so in a negligent manner.
Also alleged in the complaint were:
 6. On the north side of the intersection of the rail-highway grade crossing 721 865B on Standard Street in the Town of Elkin there is located approximately 15 feet north of the most northerly track that intersects said intersection a stop sign facing in a general southerly direction. This stop sign requires plaintiff and others to stop their vehicles in a place of danger on top of the railroad tracks. This stop sign has imprinted on its back side the following:
N.C.D.O.T. 86
On the front side there is imprinted the following:
KR1-1
 Upon information and belief, this stop sign was erected by the North Carolina Department of Transportation in the year 1986 and was done so under the direction and supervision of the District Engineer of the Department of Transportation in Elkin, NC, Mr. W.O. Atkins.
The injuries sustained by plaintiff were alleged to be a direct and proximate result of the negligence of defendant in that (among other things):
 (e) [Defendant] placed a stop sign or caused to be placed and then maintained a stop sign immediately north of the above described tracks well within the right of way of defendant (sic) railroad's train, thus requiring drivers to stop in the pathway of trains.
 (f) [Defendant] placed a stop sign or caused to be placed and then maintained a stop sign in a location that generates substantial confusion to the traffic public and, more particularly, plaintiff herein, thus increasing the dangerousness of this situation;
4. If all of the above allegations are taken as true, which is required in reviewing a Motion to Dismiss under Rule 12(b)(6), the Full Commission finds that plaintiff has stated a tort claim against defendant and its named employees upon which relief can be granted.
5. Plaintiff was injured on 16 January 1989 while driving along Standard Street in Elkin, approaching the intersection with N.C. Highway 268. Three sets of railroad tracks cross Standard Street just prior to its intersection with N.C. Highway 268. A stop sign placed approximately 17 feet north of the train tracks, but some 90 feet south of the N.C. Highway 268, controls the flow of traffic onto that highway. While stopping in obedience to this sign, plaintiff's car was struck by a train. Plaintiff sustained serious injuries as a result of this incident.
6. The responsibility for controlling the ingress and egress from a State Highway is solely that of the North Carolina Department of Transportation. Therefore, the improper location of a stop sign controlling ingress to a State Highway is the legal responsibility of the Department of Transportation no matter where the sign is located and no matter who actually places the sign.
7. Defendant argues that it is not legally responsible for plaintiff's accident because the location of the sign in question was not on the state highway system and, therefore, no duty arose for it to maintain this location.
8. Pursuant to G.S. § 20-158(a), defendant is given the authority to erect or install stop signs with reference to highways under its jurisdiction. The record shows defendant's awareness of this and its corresponding legal responsibility, "[t]he stop sign was on the other side of the railroad track and governed traffic entering from the city street in to the state highway." (Transcript, Page 18, Lines 23-25). Because the stop sign in question controlled the approach to a highway under the control of defendant, and in the absence of other proof, the Full Commission finds that the sign was in fact placed in its location by personnel of defendant or someone acting at the direction of defendant.
9. Defendant was under a duty to inspect the sign to make certain that it was properly installed. Confirmation of this duty is found in the testimony given by Mr. Harold Steelman, the field engineer for defendant who was qualified as an expert in traffic signals. Mr. Steelman testified that the Department of Transportation would have the responsibility of erecting a stop sign on a road that intersects with the state maintained N.C. Highway 268.
10. With the location of the stop sign on the date of the accident in question, it was reasonably foreseeable that an accident such as the one in which plaintiff was involved, between a motorist and a train, could have occurred.
11. The location of the stop sign, which was under the control and the responsibility of defendant, created an unreasonable risk of harm to plaintiff.
12. The location of the stop sign, which was under the control and the responsibility of defendant, was the proximate cause of plaintiff's accident and resulting injuries.
13. Based upon the evidence of record, the Full Commission finds that defendant could have placed the stop sign at a proper and safe location without undue hardship.
* * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has stated a tort claim against defendant and its named employees upon which relief can be granted. N.C. Rule Civ. P. 12(b)(6).
2. Summary judgment is proper when there is no genuine issue of material fact and a party is entitled to a judgment as a matter of law. Jordan v. Jones, 314 N.C. 106, 331 S.E.2d 662 (1985); 9Strong's North Carolina Index 3rd, 29 (1977). In the case at hand, there was a genuine issue as to defendant's negligence and, therefore, defendant's Motion to Dismiss was granted in error.Id.
3. Defendant, by and through the named employees herein, was negligent in its placement of, or in its causing to be placed and then maintenance of the stop sign in question. G.S. § 143-291et seq.
4. As the proximate result of defendant's negligence, on 16 January 1989, plaintiff was involved in an accident resulting in bodily injuries and other damages. Id.
5. Although there is no evidence of record of contributory negligence by plaintiff, the parties shall be permitted to present evidence on this issue before a Deputy Commissioner. Id.
* * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the Order of Dismissal and enters the following:
ORDER
1. This matter is hereby REMANDED to a Deputy Commissioner for a hearing to determine whether or not plaintiff was contributory negligent. If the Deputy Commissioner concludes that she was not, they shall determine the proper amount of damages to which plaintiff is entitled and enter a Decision and Order accordingly.
2. No costs are assessed at this time.
 S/ _______________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ COY M. VANCE COMMISSIONER
DISSENTING:
S/ _________________ DIANNE C. SELLERS COMMISSIONER
Filed Date: 6/2/97