JENNIFER RAY, Administratrix of the Estate of MICKELA NICHOLSON; LINDA JUDGE, Administratrix of the Estate of MARIANNE DAUSCHER; and EILEEN and ROGER LAYAOU, Co-Administrators of the Estate of MICHAEL LAYAOU, Plaintiffs v. N.C. DEPARTMENT OF TRANSPORTATION, Defendant

No. COA11-17

(Filed 20 December 2011)

**Immunity—public duty doctrine—failure to repair roadway**

The public duty doctrine was not applicable to a negligence action against the State for a failure to repair a defective section of a roadway rather than a failure to inspect or prevent harm from a third party.

Judge HUNTER, Robert C., dissenting.

Appeal by Plaintiffs from Order entered 13 July 2010 by the Full Commission of the North Carolina Industrial Commission. Heard in the Court of Appeals 17 August 2011.

*Zaytoun Law Firm, PLLC, by Robert E. Zaytoun, and McGrath Podgorny, PA, by Mark R. McGrath, for Plaintiffs-appellants.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Amar Majmundar, for Defendant-appellee.*

*Paterson Harkavy LLP, by Burton Craige, and Jonathan R. Reich, for North Carolina Advocates for Justice, amicus curiae.*

HUNTER, JR., Robert N., Judge.

Plaintiffs appeal from the 13 July 2010 Order of the North Carolina Industrial Commission, which held that the public duty doctrine applied to bar Plaintiffs' claims and that those claims were therefore dismissed under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Plaintiffs argue that the public duty doctrine does not apply and that the Full Commission erred in dismissing their case. We agree.

## I. Factual & Procedural Background

On 31 August 2002, Mickela S. Nicholson was driving her vehicle on RP 1010, a state-maintained road, in Johnston County. Plaintiffs' claim for damages alleges her car went off the side of the roadway due to an eroded section of pavement near the shoulder. While get-

ting back onto the roadway, Ms. Nicholson's vehicle went out of her control, crossing the center line where she collided head-on with a vehicle driven by Carlos Ortega Valdivia. Ms. Nicholson and the three passengers in her vehicle, Marianne Dauscher, Michael Layaou, and Steven Carr, were all killed in the collision.

In July and August 2004, the estates of Ms. Nicholson, Mr. Layaou, and Ms. Dauscher (collectively "Plaintiffs") filed claims against the North Carolina Department of Transportation ("Defendant" or "DOT") with the North Carolina Industrial Commission for damages under the Tort Claims Act. Plaintiffs alleged that the defective roadway was a proximate cause of the accident and that Defendant knew or should have known of the defect. Defendant moved to dismiss Plaintiffs' claims, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, based on the public duty doctrine. On 16 July 2009, Chief Deputy Commissioner Stephen T. Gheen denied Defendant's motion. Defendant appealed to the Full Commission. On 13 July 2010, the Full Commission granted Defendant's motion to dismiss. Commissioner Danny Lee McDonald wrote a concurring opinion expressing his view that the Full Commission was bound by precedent, even if the result was unjust. Plaintiffs appeal the Full Commission's Order.

## II. Jurisdiction & Standard of Review

This Court has jurisdiction to hear this appeal pursuant to N.C. Gen. Stat. § 143-293 (2009).

"The [Industrial] Commission's conclusions of law are reviewed *de novo*." *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004). Because we consider only the question of law whether the affirmative defense of the public duty doctrine applies, we review this conclusion of the Industrial Commission *de novo*.

## III. Analysis

Plaintiffs argue the Full Commission erred in dismissing their case based on their application of the public duty doctrine. We agree.

The State Tort Claims Act ("STCA") provides for claims against the State which arise

> as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person,

would be liable to the claimant in accordance with the laws of North Carolina.

N.C. Gen. Stat. § 143-291(a) (2009). Such claims are heard and decided upon by the Industrial Commission. *Id.*

Our Courts have repeatedly found that the Department of Transportation may be liable for claims for negligent roadway maintenance brought under the STCA. *See, e.g., Jordan v. Jones*, 314 N.C. 106, 331 S.E.2d 662 (1985); *Norman v. N.C. Dep't of Transp.*, 161 N.C. App. 211, 588 S.E.2d 42 (2003); *Smith v. N.C. Dep't of Transp.*, 156 N.C. App. 92, 576 S.E.2d 345 (2003); *Phillips v. N.C. Dep't of Transp.*, 80 N.C. App. 135, 341 S.E.2d 339 (1986); *Zimmer v. N.C. Dep't of Transp.*, 87 N.C. App. 132, 360 S.E.2d 115 (1987).

In *Zimmer*, the plaintiff was driving on an alternate roadway selected by the DOT as a detour. 87 N.C. App. at 132, 360 S.E.2d at 115-16. His tractor-trailer rounded a sharp curve. *Id.* The rear tires of the trailer dropped off the pavement, and the truck overturned and crashed down an embankment, causing serious injury to the plaintiff. *Id.* at 133, 360 S.E.2d at 116. The plaintiff alleged the DOT was negligent in designating the detour, failing to correct hazardous conditions, and failing to provide warnings of the hazardous conditions. *Id.* This Court found the State had waived its immunity for such claims and that the Industrial Commission was the appropriate tribunal to hear the claim. *Id.* at 137, 360 S.E.2d at 118. However, we recognize that *Zimmer* and the other cases cited *supra* did not consider whether the public duty doctrine applies in a state tort claim action. *See Stone v. N.C. Dep't of Labor*, 347 N.C. 473, 480, 495 S.E.2d 711, 715 (1998).[1]

*The Restatement of Torts (Third)* explains the policy behind doctrines such as the public duty doctrine:

> Courts employ no-duty rules to defer to discretionary decisions made by officials from other branches of government, especially decisions that allocate resources or make other policy judgments. . . . For example, courts often hold that police have no duty of reasonable care in deciding how to allocate police protection throughout a city. This no-duty limitation requires analysis of whether the challenged action involves a discretionary determi-

---

1. In cases prior to 1991, the public duty doctrine was not considered because it had not yet been adopted by our Supreme Court. In *Norman* and *Smith*, both decided in 2003, the public duty doctrine was not pled as an affirmative defense.

nation of the sort insulated from review or instead is a minister-
ial action that does not require deference.

*Restatement of Torts (Third): Liability for Physical and Emotional
Harm* § 7 (2010).

Our Supreme Court first recognized the common law rule known
as the public duty doctrine in *Braswell v. Braswell*, 330 N.C. 363, 410
S.E.2d 897 (1991). The public duty doctrine states, "[A] municipality
and its agents act for the benefit of the public, and therefore, there is
no liability for the failure to furnish police protection to specific indi-
viduals." *Id.* at 370, 410 S.E.2d at 901. The rationales behind the rule
are that it "recognizes the limited resources of law enforcement" and
that a public agency cannot be a guarantor of safety involving the
actions of others over which it has no control. Thus, the Court
refused "to judicially impose an overwhelming burden of liability for
failure to prevent every criminal act." *Id.* at 370-71, 410 S.E.2d at 901.
The Court recognized two exceptions to the doctrine (1) where there
is a special relationship between the injured party and the police and
(2) where the police create a special duty by promising protection. *Id.*
at 371, 410 S.E.2d at 902.

In *Stone*, our Supreme Court applied the public duty doctrine to
claims against the North Carolina Department of Labor for failure to
inspect a chicken processing plant in Hamlet. 347 N.C. 473, 495 S.E.2d
711. A fire started in the chicken processing plant, and more than one
hundred workers were injured or killed. *Id.* at 477, 495 S.E.2d at 713.
Following the fire, numerous previously undiscovered violations of
the Occupational Safety and Health Act of North Carolina were
revealed. *Id.* The plaintiffs brought a common law negligence action
against the State for failing to inspect the plant prior to the fire. *Id.*
The Court reasoned that the public duty doctrine was necessary "to
prevent 'an overwhelming burden of liability' on governmental agen-
cies with 'limited resources.' " *Id.* at 481, 495 S.E.2d at 716 (quoting
*Braswell*, 330 N.C. at 370-71, 410 S.E.2d at 901).

In *Hunt v. N.C. Dep't of Labor*, 348 N.C. 192, 499 S.E.2d 747
(1998), our Supreme Court applied the public duty doctrine to a neg-
ligence action after a go-kart's brakes failed, injuring a minor.
Although the Department of Labor inspected the park, the plaintiff
alleged the inspector negligently failed to inform the amusement park
manager of the rules regarding seat belts and of the park's violations
of those rules. *Id.* The Court declined to apply a special relationship
exception to the public duty doctrine, reasoning that to do so would

make the defendant "a virtual guarantor of the safety of every go-kart subject to its inspection" and would expose it to "an overwhelming burden of liability." *Id.* at 199, 499 S.E.2d at 751.

In *Myers v. McGrady*, 360 N.C. 460, 628 S.E.2d 761 (2006), our Supreme Court applied the public duty doctrine to a claim brought by the estate of a passenger who was killed in a motor vehicle collision. *Id.* Thick smoke from a nearby forest fire, combined with fog, obscured the road. *Id.* A driver stopped a vehicle to change drivers, and the stopped vehicle was rear-ended, resulting in a four-vehicle collision. *Id.* The plaintiff alleged the Division of Forest Resources was negligent in managing the forest fire. *Id.* In applying the public duty doctrine, the Court said fire fighting decisions "concern the allocation of limited resources" and are "not generally the type of decisions for which the State is liable to private citizens in tort. *Id.* at 468, 628 S.E.2d at 767. The Court said it would not "judicially impose overwhelming liability . . . for failure to prevent personal injury resulting from forest fires." *Id.*

The extension of the public duty doctrine in North Carolina, however, has not been unlimited and does not foreclose all tort claims against state agencies. "In all cases where the public duty doctrine has been held applicable, the breach of the alleged duty has involved the governmental entity's negligent control of an external injurious force or of the effects of such a force." *Strickland v. Univ. of N.C. at Wilmington*, ___ N.C. App. ___, ___, 712 S.E.2d 888, 892 (2011). In decisions applying the public duty doctrine, our Supreme Court has stated it will not impose a burden of liability for failure to prevent the acts of third parties or failure to protect the general public from harm from an outside force. *See Braswell*, 330 N.C. at 370, 410 S.E.2d at 901 (refusing to "judicially impose an overwhelming burden of liability for failure to *prevent* every criminal act" (emphasis added)); *Stone*, 347 N.C. at 481, 495 S.E.2d at 716 (refusing to "judicially impose an overwhelming burden of liability on defendants for failure to *prevent* every employer's negligence that results in injuries or deaths to employees" (emphasis added)); *Myers*, 360 N.C. at 468, 628 S.E.2d at 767 (choosing not to "judicially impose overwhelming liability on [state agencies] for failure to *prevent* personal injury resulting from forest fires" (emphasis added)).

The decision to maintain the roads in a safe condition is a duty of the DOT and is not discretionary. *See* N.C. Gen. Stat. § 143B-346 (2009) ("The general purpose of the Department of Transportation is

to provide for the necessary planning, construction, maintenance, and operation of an integrated statewide transportation system for the economical and safe transportation of people and goods as provided for by law."). In order to recover, Plaintiffs must show Defendant "knew, or by ordinary diligence, might have known of the defect, and the character of the defect was such that injury to travellers using its street . . . in a proper manner might reasonably be foreseen." *Smith v. Hickory*, 252 N.C. 316, 318, 113 S.E.2d 557, 559 (1960).

In the present case, Plaintiffs do not contend Defendant failed to prevent harm or protect them from harm by a third party or outside force. Plaintiff alleges Defendant "knew, or in the exercise of reasonable care should have known of the dangerously defective section of roadway" and that "[t]he defective roadway features were the proximate cause of the collision." This case does not involve a failure to inspect or to police, but a failure to repair a defective section of roadway. There is no "hazard[] created by others" or important discretionary decision which requires the government to be protected under the public duty doctrine. The requirement that the defendant knew or should have known of the defect limits liability and alleviates concerns of an "overwhelming burden of liability" in allowing claims. We hold the public duty doctrine inapplicable in these circumstances.

We note that in 2007, the General Assembly passed "AN ACT TO LIMIT THE USE OF THE PUBLIC DUTY DOCTRINE AS AN AFFIRMATIVE DEFENSE FOR CLAIMS UNDER THE STATE CLAIMS ACT IN WHICH THE INJURIES OF THE CLAIMANT ARE THE RESULT OF THE ALLEGED NEGLIGENT FAILURE OF CERTAIN PARTIES TO PROTECT CLAIMANTS FROM THE ACTION OF OTHERS." N.C. Session Law 2008-170; *see* N.C. Gen. Stat. § 143-299.1A (2009). This Act does not apply to the present case, as it applies only to claims arising on or after 1 October 2008. As we hold the public duty doctrine does not apply in this case under current law, there is no need to consider whether this statute changed or merely clarified the common law.

### IV. Conclusion

For the foregoing reasons, we hold the public duty doctrine does not apply and the case is therefore

Reversed and remanded.

Judge STROUD concurs in the result only.

Judge HUNTER, Robert C. dissents in a separate opinion.

HUNTER, Robert C., Judge, dissenting.

As I discern no meaningful distinction between the present case and *Myers v. McGrady*, 360 N.C. 460, 628 S.E.2d 761 (2006), I must conclude plaintiffs' negligence claims are barred by the public duty doctrine and I respectfully dissent.[1]

The public duty doctrine "provides that when a governmental entity owes a duty to the general public, particularly a statutory duty, individual plaintiffs may not enforce the duty in tort." *Id.* at 465-66, 628 S.E.2d at 766. In *Myers*, the plaintiff and third-party plaintiffs (collectively "the plaintiffs") filed claims of negligence against a division of the North Carolina Department of Environment and Natural Resources ("DENR"), a state agency, "for failure to control a naturally occurring forest fire or failing to make safe a public highway adjacent to the fire." *Id.* at 462, 628 S.E.2d at 763 (footnote omitted).

In concluding the public duty doctrine barred the plaintiffs' claims in *Myers*, our Supreme Court recognized our statutes provided that the DENR " 'may take such action as it may deem necessary to provide for the prevention and control of forest fires in any and all parts of this State.' " *Id.* at 467, 628 S.E.2d at 766-67 (quoting N.C. Gen. Stat. § 113-51(a) (2005) (emphasis omitted)). To execute this duty, the Secretary of the agency may appoint forest rangers, who in turn, " 'shall prevent and extinguish forest fires and shall have control and direction of all persons and equipment while engaged in the extinguishing of forest fires.' " *Id.* at 467-68, 628 S.E.2d at 767 (quoting N.C. Gen. Stat. § 113-55 (2005) (emphasis omitted)).

Thus, the agency and its divisions must make discretionary decisions for the "allocation of limited resources to address statewide needs . . . made in furtherance of a statutory duty to the citizens of North Carolina at large." *Myers*, 360 N.C. at 468, 628 S.E.2d at 767. The *Myers* Court reasoned that because our statutes impose a duty on the DENR "to protect the citizens of North Carolina as a whole," the agency did not owe a specific duty to the plaintiffs. *Id.* at 468-69, 628 S.E.2d at 767 (further noting that two common law exceptions to the public duty doctrine were not raised by the plaintiffs and that the statutes at issue did not create a duty to protect a particular class of individuals, which could bar application of the doctrine); *see Multiple*

---

1. I note that with the enactment of N.C. Gen. Stat. § 143-299.1A, the General Assembly limited the scope of the public duty doctrine. However, as section 143-299.1A applies only to claims arising on or after 1 October 2008, it does not impact my analysis of plaintiffs' claims. 2008 N.C. Sess. Laws ch. 170, § 2.

*Claimants v. N.C. Dep't of Health & Human Servs.*, 361 N.C. 372, 374, 646 S.E.2d 356, 358 (2007) (discussing the "special relationship" and "special duty" exceptions to the public duty doctrine).

Here, the nature of the Department of Transportation's duty is no different. Mandated by statute and recognized by our courts, the DOT owes a " 'duty to the general public . . . to plan, design, locate, construct and maintain the public highways in the State of North Carolina, with reasonable care.' " *Phillips v. N.C. Dep't of Transp.*, 200 N.C. App. 550, 560, 684 S.E.2d 725, 732 (2009) (quoting finding by the North Carolina Industrial Commission and concluding it was consistent with the duty of the DOT as prescribed by section 143B-346 of our General Statutes); *see* N.C. Gen. Stat. § 136-45 (2009) (providing that the DOT "shall take over, establish, construct, and maintain a statewide system of hard-surfaced and other dependable highways . . . to relieve the counties and cities and towns of the State of this burden"). The majority acknowledges the DOT's directive, but concludes the DOT has no underlying discretionary decision process that warrants protection by the public duty doctrine.

Our courts, however, have previously recognized the discretion the DOT must exercise to determine how best to design and maintain our roads. *See Drewry v. N.C. Dep't of Transp.*, 168 N.C. App. 332, 338, 607 S.E.2d 342, 346-47 ("The [DOT] is vested with broad discretion in carrying out its duties and the discretionary decisions it makes are not subject to judicial review 'unless [their] action is so clearly unreasonable as to amount to oppressive and manifest abuse.' " (citation omitted) (second alteration in original), *disc. review denied*, 359 N.C. 410, 612 S.E.2d 318 (2005). Additionally, as our Supreme Court recognized the limited resources of the North Carolina Department of Labor in *Stone v. N.C. Dep't of Labor*, 347 N.C. 437, 481, 495 S.E.2d 711, 716, *cert. denied*, 119 S. Ct. 540, 142 L. Ed. 2d 449 (1998), it cannot reasonably be doubted that the DOT has finite resources, which necessitates discretionary decisions for the allocation of those resources. Thus, I conclude the justification for the public duty doctrine applies in the present case: "By limiting liability, the rule recognizes that the legislative and executive branches must often allocate limited resources for the benefit of the public at large and permits governmental entities to carry out statutory responsibilities without incurring risk of overwhelming liability." *Myers*, 360 N.C. at 466, 628 S.E.2d at 766. Or, as expressed by our Supreme Court in *Stone*, "[i]t is better to have such laws, even haphazardly enforced, than not to have them at all." 347 N.C. at 481, 495 S.E.2d at 716 (citation and quotation marks omitted).

In addition to concluding the DOT exercises no discretion in fulfilling its statutory duty, the majority concludes the public duty doctrine does not apply here because plaintiffs allege the DOT's negligence was its failure to repair the highway, not a failure to prevent harm by an outside force, a "hazard[] created by others." Failure to prevent harm from an external force is a feature common to all claims justifying application of the public duty doctrine. *See Strickland v. Univ. of N.C. at Wilmington*, ___ N.C. App. ___, ___, 712 S.E.2d 888, 892 (2011) ("In all cases where the public duty doctrine has been held applicable, the breach of the alleged duty has involved the governmental entity's negligent control of an external injurious force or of the effects of such a force." (footnote omitted)).

The *Strickland* Court concluded the public duty doctrine was not applicable in that case, and held the defendants liable, in part because the defendant-police department's breach of duty was in negligently providing the "injurious force" (inaccurate information regarding the suspect of a criminal investigation), which caused the police to fatally wound the victim. *Id.* It was not a case of negligently failing *to prevent* harm from an external injurious force. *Id.*

I conclude the injurious force at issue here is distinguishable from that in *Strickland* and is more closely aligned with the force in *Myers.* In *Myers,* the plaintiffs alleged the defendants negligently failed to control a forest fire or to make safe the highway obscured by smoke from the fire. 360 N.C. at 462, 628 S.E.2d at 763. Here, plaintiffs' allege the DOT negligently failed to repair a "defectively eroded" section of a highway made worse by other vehicles. In both situations, external natural forces—compounded here by external manmade forces—caused conditions that State agencies failed to control, with tragic consequences.

Furthermore, while in both instances the State agencies failed to prevent plaintiffs' harm, causation is not the relevant focus in determining if the public duty doctrine applies. "Indeed, this Court has held that the public duty doctrine only applies to duty and not causation . . . ." *Strickland,* ___ N.C. App. at ___ n.4, 712 S.E.2d at 893 n.4 (citing *Drewry,* 168 N.C. App. at 337–38, 607 S.E.2d at 346–47). As the name suggests, the defendant's duty—or more accurately, the lack of a duty to the plaintiff—is the determinative factor in applying the public duty doctrine. *Estate of Burgess v. Hamrick,* ___ N.C. App. ___, ___, 698 S.E.2d 697, 701, *disc. review denied,* ___ N.C. ___, 703 S.E.2d 444 (2010) ("In a claim for negligence, there must exist a 'legal

duty owed by a defendant to a plaintiff, and in the absence of any such duty owed the injured party by the defendant, there can be no liability. . . . '[W]hen the public duty doctrine applies, the government entity, as the defendant, owes no *legal* duty to the plaintiff.' " (citations omitted)). Here, plaintiffs do not argue that the two common law exceptions to the application of the public duty doctrine apply.

Therefore, because the DOT owes a recognized duty to the general public and not to plaintiffs individually, I must conclude plaintiffs have failed to state claims in negligence. *See Myers*, 360 N.C. at 463, 628 S.E.2d at 764 ("If the plaintiff alleges negligence by failure to carry out a recognized public duty, and the State does not owe a corresponding special duty of care to the plaintiff individually, then the plaintiff has failed to state a claim in negligence.") Accordingly, I would affirm the order of the Industrial Commission.